IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTHONY MORGAN | * |
| | * |
| v. | *    Civil Case No. JKB-13-2088 |
| | * |
| COMMISSIONER, SOCIAL SECURITY | * |
| | * |

*************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the parties' dispositive cross-motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix).  I have considered the parties' cross-motions for summary judgment.  ECF Nos. 18, 20.  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed.  42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011).  For the reasons set forth below, I recommend that the Commissioner's motion be granted and that Mr. Morgan's motion be denied.

Mr. Morgan applied for Disability Insurance Benefits on July 15, 2010, alleging a disability onset date of May 31, 2010.  (Tr. 127-33).  His claim was denied initially on September 7, 2010, and on reconsideration on January 10, 2011.  (Tr. 63-66, 68-69).  An Administrative Law Judge ("ALJ") held a hearing on April 9, 2012, (Tr. 25-54), and subsequently denied benefits to Mr. Morgan in a written opinion, (Tr. 7-24).  The Appeals Council declined review, (Tr. 1-6), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ found that Mr. Morgan suffered from the severe impairments of degenerative joint disease in his left hip, diabetes mellitus, obesity, and learning disability.  (Tr. 12).

However, the ALJ determined that Mr. Morgan retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except he is precluded from crawling and climbing ladders, ropes, or scaffolds. He is limited to no more than occasional climbing ramps and stairs, balancing, stooping, kneeling, and crouching, and is limited to work with no more than a specific vocational preparation time of three.

(Tr. 14). After considering testimony from a vocational expert ("VE"), the ALJ determined that Mr. Morgan could perform his past relevant work as a merchant patroller and, alternatively, other work existing in significant numbers in the national economy, and that he was not therefore disabled. (Tr. 18-19).

Mr. Morgan disagrees. He asserts several arguments in support of his appeal: (1) that the ALJ failed to evaluate the medical necessity of his use of a cane; (2) that the ALJ assigned insufficient weight to the opinions of two medical sources; and (3) that the ALJ erred in making an adverse credibility assessment. Each argument lacks merit.

Mr. Morgan initially contends that SSR 96-9P requires the ALJ to make a specific finding regarding the medical necessity of his use of a cane. Pl. Mot. 9-10. SSR 96-9P does not impose a requirement that the ALJ make an express finding of medical necessity in all cases in which a claimant uses a cane. Instead, SSR 96-9P provides guidance regarding the required showing for an ALJ to reach the conclusion that a claimant's hand-held device is "medically required" where an individual is capable of less than a full range of sedentary work. SSR 96-9P, 1996 WL 374185, at *7 (July 2, 1996). That standard requires "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." *Id.* Because "a plaintiff always bears the burden of proving [his] RFC . . . the standards in SSR 96-9P can be useful in determining if a plaintiff has met that burden." *Timmons v. Colvin*, 3:12CV609, 2013 WL 4775131, at *8

(W.D.N.C. Sept. 5, 2013). SSR 96-9P does not require the cane to have been prescribed by a physician, so long as there is medical documentation establishing that the cane or device is necessary. In this case, the only affirmative statement from a physician regarding the cane came from Dr. Timilsina, Mr. Morgan's primary care provider, who stated that Mr. Morgan "needs cane to stand" in the March, 2012 medical assessment report. (Tr. 302-03). Dr. Timilsina did not elaborate on the basis for that assertion. *Id.* In two Function Reports, Mr. Morgan indicated that no doctor had prescribed the cane. (Tr. 182, 198). While Mr. Morgan certainly made consistent complaints of hip pain, the objective medical evidence in the record does not substantiate the medical necessity of a cane. *See* (Tr. 232) (x-ray showing moderate degenerative changes in the left hip with some joint space loss and spurring); (Tr. 254) (examination demonstrating no pain on rolling test of hip); (Tr. 258, 262) (treating physician noting normal gait during examinations). Even in cases where plaintiffs have established a prescription for assistive devices, it does not always follow that the device is medical necessary. Such evidence may be insufficient to support a finding that the device is medically necessary. *See Anang v. Colvin*, No. 12-3431, 2014 WL 576296, at *2 (D. Md. Feb. 11, 2014) (plaintiff failed to show cane was medically necessary where no doctor had described the circumstances under which cane was needed, plaintiff testified that she needed the cane for balance, and only one of the lower extremities was impaired); *Timmons*, 2013 WL 4775131, at *8 (plaintiff prescribed cane, but neither prescription nor other evidence showed how plaintiff actually used the cane); *Wimbush v. Astrue*, 4:10CV00036, 2011 WL 1743153, at *2-3 (W.D. Va. May 6, 2011) (plaintiff prescribed a cane, but did not show it was medically necessary where doctors observed that her gait was normal and exams indicated she was "functionally better than . . . her self-perception[,]" and thus was capable of light work). Accordingly, I cannot find that Mr. Morgan has met the burden of establishing that his use of a cane is medically necessary.

Further, even if I were to find that the ALJ erred in evaluating Mr. Morgan's hip pain and his use of an assistive device, any such error ultimately proved harmless. The ALJ asked the VE for positions appropriate for an individual with Mr. Morgan's RFC who was further limited to standing and/or walking no more than four hours per day, the VE responded with three representative occupations that would allow an individual to alternate between sitting and standing, and that exist in significant numbers in the national economy. (Tr. 48-50). Remand, therefore, is unwarranted.

Mr. Morgan next argues that the ALJ assigned too little weight to the opinions of a consultative examiner, Dr. Ansel, and a treating physician, Dr. Timilsina. Pl. Mot. 10-13. This Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ's decision meets that standard.

Dr. Ansel examined Mr. Morgan on a single occasion in March, 2012. (Tr. 286-88). Prior to his visit with Dr. Ansel, Mr. Morgan's clinical records contained no reference to any allegations of a mental impairment. Dr. Ansel opined that Mr. Morgan had marked problems with attention and concentration "that are presumed to be secondary to interfering effects resulting from pain." (Tr. 287). Dr. Ansel's opinion did not amount to a diagnosis of any medical condition, and was unsubstantiated by any other records. As the ALJ noted, none of Mr. Morgan's clinical records demonstrated any mental symptoms or limitations. (Tr. 17). However, in light of Mr. Morgan's history of special education, despite his history of semiskilled work, the ALJ appropriately accorded Mr. Morgan "the benefit of the doubt" and limited him to work with no more than a specific vocational preparation (SVP) of three. (Tr. 17). In light of

that accommodation and the lack of a diagnosis or other medical support for Dr. Ansel's opinion, I cannot find error in the ALJ's analysis.

Mr. Morgan next contends that the ALJ should have assigned controlling weight to the opinion of his treating physician, Dr. Timilsina. A treating physician's opinion merits controlling weight only when two conditions are met: 1) it is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and 2) it is not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 404.1527(c)(2); *Craig,* 76 F.3d at 590 (refined by a later amendment to regulations as described by *Pittman v. Massanari*, 141 F. Supp. 2d 601, 608 (W.D.N.C. 2001)). The ALJ provided the appropriate analysis with respect to Dr. Timilsina's opinion. The ALJ noted that each of Mr. Morgan's visits to Dr. Timilsina coincided with a need to have paperwork completed, and that the examinations all found no acute distress, minimal or no pain or tenderness on palpation, and, at most, limited and painful external rotation of the hip. (Tr. 15). The ALJ further noted that Mr. Morgan sought no evaluation or treatment between November 2010 and February 2012. (Tr. 16). In light of those treatment records, the ALJ determined that Dr. Timilsina's opinion, stating that Mr. Morgan had to lie down for three to four hours per day and would miss 30 days of work per year, described significant limitations that were unsupported by his treatment records. *See generally* 20 C.F.R. § 404.1527(c)(3) (stating that "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."). The ALJ's reasoning is supported by substantial evidence in the record.

The same evidence supporting the ALJ's rejection of Dr. Timilsina's opinion also supports the ALJ's adverse credibility assessment. The ALJ found that Mr. Morgan's assertions of disabling hip pain were unsupported by the mild or normal findings on examination, the lack of medical treatment sought between November, 2010 and February, 2012, and the fact that each

medical appointment appeared to be for the purpose of having paperwork completed rather than seeking treatment for disabling pain. (Tr. 15-16). In light of the evidence marshaled by the ALJ, the credibility assessment should not be disturbed.

CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion for Summary Judgment (ECF No. 20);

2. the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 18); and CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Dated: April 30, 2014                                /s/
                                                     Stephanie A. Gallagher
                                                     United States Magistrate Judge